HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRIE HANSEN,

    Plaintiff,

  v.

THE BOEING COMPANY,

    Defendant.

CASE NO. C12-171RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on Defendant's motion to dismiss one of Plaintiff's claims. Dkt. # 11. No party requested oral argument, and the court finds oral argument unnecessary. For the reasons stated below, the court DENIES the motion to dismiss.

## II.  BACKGROUND

For purposes of its motion to dismiss, Defendant The Boeing Company ("Boeing") concedes every factual allegation in Plaintiff Terrie Hansen's complaint. Ms. Hansen, a longtime Boeing employee, requested a six-month leave of absence in 2008 to accommodate her back surgery and recovery. Boeing granted the leave. While Ms. Hansen was on leave, however, Boeing downgraded her employee evaluation. Ms. Hansen returned from leave in March 2009, Boeing laid her off fewer than eight weeks later. At least for purposes of this motion, Boeing does not dispute that Ms. Hansen's

ORDER – 1

back condition was a disability within the meaning of the Washington Law Against Discrimination (RCW Ch. 49.60, "WLAD"), or that her request for leave was a request for a reasonable accommodation of her disability.

Ms. Hansen's suit against Boeing consists of two WLAD claims. She contends that Boeing discriminated against her on the basis of her disability and retaliated against her as well. In this motion to dismiss, Boeing challenges only her retaliation claim.

Invoking Federal Rule of Civil Procedure 12(c), Boeing contends that Ms. Hansen failed to state a retaliation claim as a matter of law. A Rule 12(c) motion is identical to a Rule 12(b)(6) motion to dismiss for failure to state a claim, except that a defendant files a Rule 12(c) motion after it has answered a plaintiff's complaint. In considering whether a complaint states a claim, the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from its allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

ORDER – 2

Boeing contends that Ms. Hansen fails to state a claim for retaliation because she cannot satisfy the requirements of the WLAD's anti-retaliation provision. In relevant part, it provides as follows:

> It is an unfair practice for any employer, employment agency, labor union, or other person to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden by this chapter, or because he or she has filed a charge, testified, or assisted in any proceeding under this chapter.

RCW § 49.60.210. Boeing reasons that there is no allegation that Ms. Hansen "opposed any practices" that the WLAD forbids. Instead, she requested a reasonable accommodation for her disability, received accommodation in the form of a medical leave, and utilized that leave. In Boeing's view, none of these actions are in opposition to any unlawful practice. Boeing notes that federal antidiscrimination statutes typically have provisions that bar retaliation against employees who exercise their statutory rights. Most notably, the Americans with Disabilities Act ("ADA") makes it "unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed . . . any right granted or protected by this chapter." 42 U.S.C. § 12203(b). The Family Medical Leave Act similarly makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). In Boeing's view, the lack of a similar prohibition in the WLAD is dispositive.

Boeing does not acknowledge the violence its interpretation would do to the WLAD's protections against disability discrimination. No one disputes that that the unlawful practices enumerated in the WLAD's anti-discrimination provision (RCW § 49.60.180) encompass a disabled employee's right to request a reasonable accommodation and her employer's obligation to provide that accommodation unless it can prove an undue hardship. *See*, *e.g.*, *Holland v. Boeing Co.*, 583 P.2d 621, 623-24

ORDER – 3

(Wash. 1978) (grounding right to reasonable accommodation in RCW § 49.60.180); *Pulcino v. Fed. Express Corp.*, 9 P.3d 787, 793 (Wash. 2000) (same); *see also* Wash. Admin. Code §§ 162-22-025(2), 162-22-075.  It would be extraordinary indeed if the Washington legislature intended to mandate reasonable disability accommodations while permitting employers to fire their employees for requesting those accommodations or utilizing them.

Neither Boeing nor Ms. Hansen can point to a court that has either adopted or rejected Boeing's interpretation of the WLAD.  The parties cite no case in which any court has decided whether requesting a reasonable accommodation for a disability or utilizing that accommodation is the sort of "protected activity" for which an employer cannot take retaliatory action.  A few federal courts applying the WLAD have acknowledged a claim for retaliation based on an employee's reasonable accommodation request, but those courts have done so in passing in cases where the employer did not make the argument Boeing has raised here.  *Daniel v. Boeing Co.*, 764 F. Supp. 2d 1246 (W.D. Wash. 2011), *Rotter v. ConAm Mgmt. Corp.*, 393 F. Supp. 2d 1077, 1085 (W.D. Wash. 2005).

It is not clear that Ms. Hansen needs to rely on the WLAD's anti-retaliation provision; Boeing's conduct (at least as she alleges it) violates the WLAD's anti-discrimination provision.  Taking an adverse action against a disabled employee because she requested or utilized a reasonable accommodation is a form of disability discrimination in violation of the WLAD's anti-discrimination provision.  RCW 49.60.180.  The need for reasonable accommodation is part and parcel of a disability.  Boeing's implicit insistence that the court should consider the need for disability accommodation to be distinct from disability itself is at odds with the WLAD's definition of disability.  That definition defines a disability as a "sensory, mental, or physical impairment," (RCW § 49.60.040(7)(a)) that in some cases has a "substantially limiting

ORDER – 4

effect upon the individual's ability to perform his or her job" (RCW § 49.60.040(7)(d)(i)) and thus requires accommodation (RCW § 49.60.040(7)(d)(ii)).  The WLAD mandates a liberal construction to further its remedial purposes.  RCW § 49.60.020.  The construction Boeing requests is inimical to the WLAD's remedial purposes.  The duty to provide reasonable accommodations carries little meaning if an employer can avoid it simply by terminating an employee for requesting or utilizing the accommodation.  The court thus concludes that taking an adverse action against an employee for requesting or utilizing a disability accommodation is a violation of the WLAD's anti-discrimination provision.

Because taking adverse action against an employee for requesting a disability accommodation is itself a form of discrimination, it is not strictly necessary to consider whether it also violates the WLAD's anti-retaliation provision.  Still, Ms. Hansen has invoked the anti-retaliation provision, and the court will thus rule on its application.  In the typical case, an employee "opposes" practices that the WLAD makes unlawful by complaining about a form of discrimination.  A disabled employee seeking a reasonable accommodation is in a different position.  In order to determine whether there is any unlawful disability discrimination to oppose, she must first request the reasonable accommodation.  Put another way, the decision to request a reasonable accommodation is a way to oppose the non-accommodated workplace status quo.  This interpretation of "opposition" activity within the meaning of RCW § 49.60.210 is consistent with the court's mandate to construe the WLAD broadly.

Finally, the court remarks that the questions it resolved today are novel questions of Washington law.  Ideally, a state court would resolve those questions.  The court suspects that the reason no Washington court has weighed in is because few employers are bold enough to suggest that they may lawfully take an adverse action against a disabled employee because she requested or utilized an accommodation.  Whatever the

ORDER – 5

reason for the lack of Washington precedent, the Ninth Circuit has observed that federal courts cannot be reluctant to wade into novel state law issues, or else they may reward or punish litigants for their choice of a federal forum.  *Paul v. Watchtower Bible & Tract Soc'y, Inc.*, 819 F.2d 875, 879 (9th Cir. 1987); *see also Torres v. Goodyear Tire & Rubber Co.*, 867 F.2d 1234, 1238 n.1 (9th Cir. 1989) ("For better or worse, this circuit has not seen fit to assume such a posture of restraint when it comes to deciding novel questions of state law.").  In this case, Boeing brought this case to federal court by removing it from King County Superior Court.  It has not asked the court to certify any question to the Washington Supreme Court.

### III.  CONCLUSION

For the reasons previously stated, the court DENIES Boeing's motion to dismiss Dkt. # 11.

DATED this 9th day of October, 2012.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 6